## G. W. WILLIAMS v. THE STATE.

No. 2721. Decided October 28, 1903.

**1.—Local Option—Mistake of Fact—Intent.**

The sale of intoxicating liquor in a local option district, except upon prescription or for sacramental purposes, is a violation of the law, regardless of the intent or purpose for which it was sold, which is immaterial, and articles 46 and 47, Penal Code, are not applicable.

**2.—Same—What Constitutes a Sale—Charge in Misdemeanor.**

Unless the sale under an indictment for violating the local option law becomes an issue under the facts, it is not necessary that the court should define a sale, and even then in misdemeanor cases such charge must be requested by the defendant.

**3.—Same—Charge of the Court—Unlawful Sale.**

A charge is not erroneous because it does not make defendant's guilt depend upon his having unlawfully sold intoxicating liquors, when it declares that defendant is charged with selling intoxicating liquors as charged in the indictment, as this makes such allegation.

**4.—Same—Weight of Evidence—Definition of Offense.**

See charge of the court recited in opinion held not to be on the weight of the evidence and not erroneous because it fails to define to the jury what constitutes a violation of the local option law.

Appeal from the County Court of Delta. Tried below before Hon. John R. Hatcher.

Appeal from a conviction of violating the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

No statement necesssary.

*Newman Phillips,* for appellant. ·

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

Appellant requested the court to charge the jury as follows: "No mistake of fact excuses one committing an offense; but if a person laboring under a mistake as to a particular fact shall do an act which would otherwise be criminal he is guilty of no offense. The mistake as to fact which will excuse under the preceding article must be such that the

person so acting under a mistake would have been excusable had his conjecture as to the fact been correct, and must also be such mistake as does not arise from a want of proper care on the part of the person committing the offense." This is a substantial copy of articles 46 and 47, Penal Code. But we have held that the sale of intoxicating liquor in a local option district except upon prescription or for sacramental purposes is a violation of the law, regardless of the intent or purpose for which it was sold, and the intent of defendant is irrelevant and immaterial. Petteway v. State, 36 Texas Crim. Rep., 97; Pike v. State, 40 Texas Crim. Rep., 613; Allen v. State, 1 Texas Ct. Rep., 105; McDaniels v. State, 3 Texas Ct. Rep., 783.

Bill of exceptions number 1 complains that "while defendant was testifying as a witness in his own behalf, defendant's counsel asked this question: 'At the time you bought the ginger and pepsin, which you sold Tony Click, or at any time before you sold it to E. E. Click, as testified to by him, had you any knowledge that the same would intoxicate, or that it was in violation of the law to sell it?' And defendant would have answered that he had not." Upon objection being made by the State this testimony was excluded by the court. Under the above authorities the ruling of the court was correct.

The second bill complains that "while defendant was testifying, counsel asked him, 'When you sold Tony Click the ginger and pepsin, had you heard of any one being intoxicated from the use of it?' The witness would have answered that he had not." The State objected, and the court sustained the objection. In this there was no error under the authorities cited above.

The court charged the jury as follows: "You are instructed that G. W. Williams stands charged by indictment with the offense of selling intoxicating liquors to E. E. Click, on or about the 1st day of December, 1901, in Delta county, Texas, said indictment being returned and filed on the 18th day of January, 1902, to which the defendant pleads not guilty. Defendant is presumed to be innocent until his guilt is established by legal evidence, and in case the jury have a reasonable doubt as to the defendant's guilt, you will acquit him. Now, if you believe from the evidence beyond a reasonable doubt that G. W. Williams, did in Delta County, Texas, on or about the 1st day of December, 1901, or at any time within two years prior to the 15th day of January, 1902, and on or before the 1st day of December, 1901, sell to E. E. Click intoxicating liquor, as charged in the indictment, you will find the defendant guilty." To which charge defendant excepted, (1) because it does not define to the jury what constitutes a sale; (2) because it does not tell the jury that defendant stands charged with any offense against the law, and in not defining to the jury the offense defendant is charged with. It is not necessary that the charge should define a sale. unless that matter becomes an issue under the facts, and in misdemeanors such charge must be asked. Appellant also insists that the charge is erroneous, because it does not

make defendant's guilt depend upon his having "unlawfully" sold intoxicating liquor. The charge says, "that he is charged with selling intoxicating liquors, as charged in the indictment." The indictment makes said allegations. We do not think the charge is upon the weight of the evidence. Nor is there any error because it fails to define or in any manner explain to the jury what constitutes a violation of the local option law.

The fifth bill of exceptions insists that the court erred in not permitting defendant to prove by Dickason that the Paris Medicine Company of Paris, Texas, is a reputable firm. The bill does not show in what way this would be germane to the prosecution against appellant.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*