## No. 9177.

### RYAN v. THE PEOPLE.

CRIMINAL LAW—*Fair Trial.* The plaintiff in error being tried for a violation of the prohibitory liquor law, the people were permitted to give evidence in chief that she was the keeper of a house of prostitution. *Held,* that the effect being to discredit and humiliate the accused, tended to deprive her of a fair trial, and plainly constituted prejudicial error.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

Mr. JOHN T. MALEY, Mr. PAUL KNOWLES, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General; Mr. CHARLES ROACH, Miss CLARA RUTH MOSER, Assistant Attorneys General, for the people.

Mr. Justice Bailey delivered the opinion of the court.

PLAINTIFF in error was found guilty of an offense against the state prohibitory laws. This was her second conviction under the statute, and she was sentenced to the pententiary. She brings the judgment here for review on error.

Several assignments of error have been argued, but in disposing of the case we shall consider only the one relating to the admission of testimony introduced to show that defendant was a keeper of a bawdy house. This testimony was adduced by the state in chief, and two witnesses were permitted, over objection, to testify that the business of defendant was that of conducting a house of prostitution. The only evidence tending to establish the sale of liquor as charged in the information was that of one Fuller, an informer, and this circumstance makes it all the more important that no improper testimony which might prejudice the jury be admitted. Defendant was not on trial for the keeping of a house of ill fame. The testimony at that stage of the case was improperly admitted for any purpose, and as defendant was not put upon the stand and her character or credibility were not in issue, it is apparent that the testimony was not admissible at any stage of the proceeding. The occupation of defendant had no connection with the crime charged; and whether the testimony complained of be true or false, it is elementary that in a trial for a violation of the prohibition statute the state can not introduce testimony tending to show an entirely distinct and separate offense. Such testimony could not be otherwise than prejudicial. It was a direct attack upon her character when that question was not in issue. Defendant had the right to a fair and impartial trial, which includes the right to have her case presented to the jury without having incompetent evidence introduced tending to humiliate, discredit and bring her into disrepute. It is impossible to determine the effect upon the jury of this reiteration by witnesses for the prosecution that defendant kept a house of prostitution. The testimony was incompetent and its admission plainly constituted prejudicial error.

It is manifest that the admission of the testimony complained of deprived defendant of the right to a fair and impartial trial upon the issues as tendered by the information, to which issues the trial should have been strictly confined. For this reason the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

Judgment reversed and cause remanded.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.