## STATE v. LOWRY
(No. 1019; Decided February 20th, 1923; 212 Pac. 649)

CRIMINAL LAW—INSTRUCTIONS—TRIAL—POSSESSION OF INTOXICATING LIQUOR—ADMISSION OF EVIDENCE OF OTHER OFFENSES.

1. The possession of intoxicating liquor acquired before June 30th, 1919, and intended for the owner's personal use, and his family, and guests, and not intended in any way to be sold and trafficked in, is not unlawful under the Prohibition Act, (Laws 1919, Ch. 25.)

2. On the trial of a charge of unlawful possession of intoxicating liquor where it was shown by the evidence that defendant had possession of a small quantity of liquor at his place of business and kept other liquor in an adjoining building which he used as a residence, all of which he claimed to have purchased for his own use prior to June 30th, 1919, it was error to refuse to submit to the jury the question, whether the liquor found in defendant's possession was kept in his private dwelling, and also whether it was purchased and kept for his private, individual use.

3. Upon the trial of a charge of unlawful possession of intoxicating liquor, the admission of evidence over objection, of gambling in defendant's place of business, while

insufficient ground for reversal, in the absence of an ex-
ception reserved by defendant was nevertheless preju-
dicial and improper.

APPEAL from the District Court, Platte County; HON.
WM. C. MENTZER, Judge.

George W. Lowry was tried and convicted on a charge of
unlawful possession of intoxicating liquor, and appeals.
The material facts are stated in the opinion.

*Marion A. Kline* and *Oscar O. Natwick,* for defendant and
appellant.

The information does not charge an offense. The posses-
sion of intoxicating liquor purchased prior to June 30th,
1919 for individual use is not unlawful. The Prohibition
Act, Chapter 25 L. 1919, as appears from its title is an act
to prohibit liquor traffic; the word ''traffic'' involves the
idea of commerce or trade and means nothing else. Mere
possession of intoxicating liquor is not included within the
intention of the statute as indicated by its title. Section
25 of the Act, relating to the issuance of search warrants
indicates that the legislature intended that one might law-
fully possess intoxicating liquor in his own home and be
safe from search, seizure and arrest. The information does
not charge facts showing unlawful possession. The trial
court erred in refusing to give defendant's requested in-
struction as to the right of defendant to possess intoxicating
liquor in his dwelling, and in further refusing to submit
the question as to whether the liquor found in defendant's
possession was kept by him for individual use and not for
sale. The court erred in giving instruction number six, to
the effect that if the building where the liquor was found
was used for any purpose other than a private dwelling the
verdict should be guilty. The court erred in admitting in
evidence over defendant's objection testimony of other al-
leged offenses, to-wit, the playing of poker in defendant's
place of business, which, if an offense, is of an entirely dif-
ferent one from that charged in the information and the

only purpose served by such evidence would be to prejudice
the jury against defendant. Some testimony was admitted
with reference to sales of intoxicating liquor by defendant,
whereas the information merely attempted to charge un-
lawful possession. (Coleman v. People, 55 N. Y. 81; State
v. Reynolds, 47 Pac. 573; Walker v. State, 72 S. W. 861;
People v. Converse, 121 N. W. 475; Taliaferro v. U. S., 213
Fed. 25.) The verdict and judgment should be reversed.

*W. L. Walls,* Attorney General, and *Vincent Carter,* Dep-
uty Attorney General, for respondent.

The repetition in the information of the words "did then
and there unlawfully" is mere surplusage and does not
vitiate the information which contains sufficient matter to
charge an offense. The suggestion that the title of Chapter
25 Laws 1919 is insufficient to support a statute prohibiting
mere possession of intoxicating liquor, in that Section 24,
Article III of the Constitution prohibits the inclusion of
any subject in an act which is not expressed in its title, is
without merit. This court has decided the point adverse
to appellant's contention in the following cases: (In re
Boulter, 5 Wyo. 339; In re Fourth Judicial District, 4 Wyo.
140; Comm'rs. v. Stone, 7 Wyo. 290.) If the provisions of
the Act are germane to the subject expressed in the title
that is sufficient. The Prohibition Law is a police regula-
tion and is to be liberally construed for the accomplishment
of its purpose. (Atchison v. Everett, 1 Coup. 391; Turtle
v. Hartwell, 7 T. R. 426; Johnes v. Johnes, 3 Dow. 15;
Moody v. Threlheld, 13 Ga. 55.) It is the clear intention
of the Act that the possession of liquor for some improper
purpose should be forbidden since such possession is unlaw-
ful. An unlawful possession is charged, but the use of the
word "unlawful" is assailed by appellant as a mere conclu-
sion. The word "unlawful" is a necessary part of every
indictment or complaint when the statute uses it in describ-
ing the offense. (State v. Skolfield, 29 Atl. 922; State v.
Concord, 29 N. H. 85.) Appellant complains of the giving

if instruction number six, contending that the instruction makes a distinction where the law makes none. The instruction in substance states that it is not unlawful for one to own, possess and keep intoxicating liquor in his private residence while the same is occupied and used as such, if such liquor be for his personal use; also that it is unlawful to own, possess and keep intoxicating liquor in a building used for any purpose, except a private dwelling without a permit from the prohibition commissioner. The instruction seems to be a fair statement of the law on the subject. The contention of appellant that if any part of a building wherein intoxicating liquor is found, is used in part as a private residence, then the whole building becomes a private residence. There is nowhere in the Prohibition Act anything to show that this was the intention of the legislature. The building here involved, as shown by the evidence, was not a private residence, hence there was no error in refusing to give instructions numbered nine and ten requested by defendant. The brief of appellant contains an unwarranted attack upon the court and the public prosecutor. It is stated therein that the prosecution was allowed to prove everything and anything that would place defendant in a bad light, or tend to prejudice the jury against him. Our views on this are expressed in Tomlinson v. Territory, 7 N. Mex. 214. The evidence of specific sales was introduced for the purpose of showing that the liquor found in possession of appellant was for an unlawful purpose. Based on the theory advanced by defendant, that since appellant occupied one of the rooms in the building as a living room, it constituted a dwelling, and that the liquor was for his private use, evidence of previous sales was admissible. (Lane v. City, 12 Ala. 599; Taggart v. City, 12 Ala. 618.) The admission of evidence of sales is proper as it tended to prove defendant's guilt. (Moore v. U. S., 150 U. S. 57; People v. Rogers, 71 Cal. 565; McDonald v. People, 25 Ill. App. 350; State v. Folwell, 14 Kan. 105; State v. Fontenot, 48 La. Ann. 305; Com. v. Call, 38 Mass. 515; People v. Marble,

38 Mich. 117; State v. Madigan, 57 Minn. 425; State v. Braunschweig, 36 Mo. 587; Stout v. People, 4 Parker, C. R. 71 (N. Y.) ; Williams v. State, 15 Tex. App. 104.) The cases cited by appellant against the admission of evidence of other offenses are not in point in view of the facts in the case at bar. In a trial for unlawful sale of intoxicating liquor, evidence of other sales is admissible on the question of intent. (Commonwealth v. Cotton, 138 Mass. 500; Commonwealth v. Sinclair, 138 Mass. 493; Milan v. State, 146 S. W. 185.) It is also complained that evidence of gambling, poker games, etc. conducted in defendant's place of business was improperly admitted, but no exception was taken to the admission of this evidence and the point is not reviewable. (Atchison v. Arnold, 11 Wyo. 351; Syndicate Imp. Co. v. Bradley, 6 Wyo. 171; Miller v. Kingsbury, 8 Fla. 356; Rothlishberger v. Casperi, 12 Mo. App. 514.)

POTTER, Chief Justice.

An information was filed in the District Court for Platte County, under what was known as the State Prohibition Act of 1919, which went into effect on June 30, 1919, charging that the appellant Lowry, on the first day of November, 1919, in said county, did "then and there unlawfully, in a certain saloon building and in a certain ice house in the rear of said saloon building, said saloon building and the ice house not being used for residence purposes, possess a certain quantity of intoxicating liquor, to-wit, whisky, without having procured from the State Prohibition Commissioner a permit to have in his possession intoxicating liquors for purposes excepted by law." He was convicted and sentenced to pay a fine of $500. The case is here on direct appeal.

The testimony on behalf of the prosecution was to the effect that since June 30, 1919 no permit had been issued to appellant to possess or sell intoxicating liquors for purposes excepted by law, and that, upon a search by the sheriff on or about November 1, 1919, of an old saloon building oc-

cupied by the appellant, there was found therein "behind the bar" one pint of whisky of the "White House Club" brand, and in the same place, or under the bar, an empty bottle bearing the same brand, and also in an old building in the rear of said saloon building, which appeared to be or to have been an ice house, two cases of White House Club liquor, which the appellant admitted belonged to him. The testimony showed also that the appellant conducted in said main building a business known as a soft drink parlor or saloon, in which was sold also tobacco, cigars and candies. The defendant testified that prior to June 30, 1919, he had purchased for his own individual use the liquor found by the sheriff, and had not sold or given to anybody any of the liquor after that date. He testified further that he was a single man and lived in the back part of the same building; that the ice house in the rear was used by him for residence and not for business purposes; that nothing belonging to his business was stored there, and that the bottle of liquor that was found behind the bar had been placed there by him after he had taken a drink from it. The court gave, among others, the following instruction to the jury:

"If you find from the evidence beyond a reasonable doubt that between the 30th day of June, 1919, and the first day of November of the same year the defendant owned, possessed and kept intoxicating liquors in a building in the town of Guernsey in Platte County, Wyoming, known as the Peterson building, or in any building contiguous thereto, or used in connection therewith, and that said building or any building used in connection therewith, in which the same was found, was used as a store, storage room or shop, or for any other purpose than a private residence, and that the defendant had not procured from the State Prohibition Commissioner a permit so to do, then he is guilty of the offense charged in the information even though you might find that he occupied a part of said room or building in which said liquor was found, if you find that it was so found,

as a dwelling, and your verdict should be guilty. If you fail to so find, your verdict should be not guilty.''

That instruction was not excepted to. But exceptions were reserved to the court's refusal to give the following instructions requested by the defendant, which appear to have been numbered respectivly 9 and 10:

''9.  You are instructed that if you find from all of the evidence that the two cases of whiskey which were found in the possession of defendant, if you so find, were in the private dwelling house of defendant or in an outhouse used in connection with his dwelling, then I charge you that the possession of such liquor under such circumstances is not unlawful, the home or dwelling of a person being, by inference of the law upon which the information is based, included in the list of places under which intoxicating liquor can lawfully be kept, and you should find the defendant not guilty; provided you find that the said whiskey was not kept by the defendant for unlawful purposes.''

''10.  You are instructed that if you find after a careful consideration of all the evidence that the whiskey kept by George Lowry was kept for his private and individual use and not for the purpose of unlawfully disposing of same by sale or gift to others without first having obtained a permit from the State Prohibition Commissioner, then you will find the defendant not guilty.''

Thus the court refused to submit to the jury the question whether the liquor was kept in the residence or ''in the private dwelling house of defendant,'' and also refused to submit to the jury the question whether the liquors so found in appellant's possession were purchased and kept for his private and individual use.

One S. A. Knight, a witness for the prosecution, had testified that some whisky had been sold to him by defendant in the saloon building on October 30 or 31. That was denied by the defendant when testifying as a witness in his own behalf. Said witness Knight also testified that he saw the appellant, prior to October 30 and after June 30, 1919, sell

whisky in a glass in said saloon building to one Jim Bennett. The said Bennett, called as a witness by appellant, positively denied having bought or been furnished any intoxicating liquor by said appellant or any other person in said building between the dates aforesaid, and denied also having seen any liquor sold or given away in said building. And he, as well as the defendant, testified that the reputation of said Knight in said community for truth and veracity was bad.

The refusal of the two requested instructions above quoted seems to have been in conflict with the construction by this court of the Prohibition Act of 1919. (Ch. 25, Laws 1919.) Construing that statute, it was said by this court in State v. Peterson and State v. Romano, 27 Wyo. 185, 194 Pac. 342, 13 A. L. R. 1284:

"All intoxicating liquor is not contraband under the act, but only such as is unlawfully transported, possessed, etc., and it is evident from the provisions forbidding the search of dwelling-houses used exclusively as such, that under this act all and every possession of intoxicating liquor is not unlawful, but only such as is intended to be used in connection with or for the purpose of traffic in the same. While this act has not the plain and un-ambiguous provisions that are contained in the National Volstead act, it is to the same effect that intoxicating liquor acquired before June 30, 1919, and intended for the owner's personal use and his family and guests, and not intended in any way to be sold and trafficked in, are not unlawfully possessed or contraband."

That decision was rendered after the trial of the case at bar. The instruction No. 6 given as aforesaid also omitted any reference to the issue presented by the evidence as to the lawful possession of the liquor under the statute as so construed, but we need not inquire whether the error if any in the instruction in that respect might be considered in disposing of the case in the absence of an exception thereto, for exceptions were reserved to the refusal to give the requested instructions above quoted. The case seems to have been

tried also upon the theory that the mere possession of intoxicating liquor was unlawful unless kept in the residence of the one possessing it, for it appears that upon the cross-examination of the defendant, he was asked if he did not know that it was unlawful to possess intoxicating liquor after June 30, and after his stating that he did not know that such possession would be unlawful, but has seen it stated in the newspapers that it would not be unlawful to have liquor in "your own residence;" he was then asked if he knew that if he had it in any place but his residence it would be in violation of the law, and that he answered in the negative.

Testimony was improperly admitted relating to gambling in the defendant's said place of business. It was objected to but no exception was taken to the ruling admitting it. It proceeded so far, however, that the court finally stopped it by saying that "we have gone far enough into the details of this; we are not trying poker games, or freeze-out or gambling games." That testimony had no possible relation to the offense for which the appellant was being tried, and its admission could not have been otherwise than prejudicial. But no exception having been taken to it, and exceptions having been reserved to other errors, the matter is referred to here merely to indicate the impropriety of admitting such testimony upon the trial of this case, to avoid a repetition of the error upon another trial.

It is unnecessary to consider the other questions presented. The judgment will be reversed for the error of the court in refusing to give the requested instructions 9 and 10, and the case will be remanded for a new trial.

*Reversed and Remanded.*

BLUME and KIMBALL, JJ, concur.