## ROSENCRANCE vs. STATE*
(No. 1237; Oct. 14, 1925; 239 Pac. 952.)

CRIMINAL LAW—EVIDENCE—PROOF OF SEPARATE OFFENSE—INTOXICATING LIQUORS—MISCONDUCT OF PROSECUTOR—CROSS-EXAMINATION—PRESUMPTIONS—WITNESSES—PREJUDICIAL ERROR.

1. Original testimony, reduced to writing under sanction of court, is competent and best evidence.
2. Justice of peace was incompetent to testify on trial as to testimony of another witness at preliminary hearing, in absence of showing that he remembered substance of such testimony.
3. Commission of separate crime cannot ordinarily be proved in support of one named in information or indictment.
4. Intent *held* not element of crime of unlawfully selling intoxicating liquor.
5. In prosecution for unlawful sale of liquor, reception of testimony as to gambling by others at place where liquor offense was committed was erroneous.

6. Conduct of prosecuting attorney in liquor prosecution exhibiting to jury gambling paraphernalia found in place where liquor offense was committed, *held* improper and prejudicial.

7. In prosecution for sale of intoxicating liquor, reception of testimony in relation to a still, that accused had another still, and did not want to start it unless he could get protection from the police, and that he had offered a certain bribe for previous information as to proposed raids, *held* error, where no connection was shown between the still and the crime charged.

8. In prosecution for selling intoxicating liquor, where the sale was made in a certain building and the defense was alibi, a question put to defendant by his counsel, as to whether he had an interest in that building or whether he ever ran a soft drink parlor, entitled the state, upon negative answer given, to cross-examine defendant on that subject.

9. Generally no presumption may be based upon another presumption, and no inference upon another inference.

10. In a prosecution for selling intoxicating liquor in a certain building, where it appeared that a certain witness for accused was indicted for gambling in such building, questions propounded by prosecuting attorney whether such witness was not a defendant in the instant prosecution, designed to discredit witness by showing him to be charged with another offense, were improper.

11. Misconduct of prosecuting attorney in eliciting incompetent testimony and in asking irrelevant questions, designed to discredit witness by showing him to be charged with an offense growing out of same transaction, is error which is not always cured by sustaining objections thereto and admonishing jury to disregard it.

12. In prosecution for selling intoxicating liquor, where witness testified accused gave him a "shot," if it was error to permit such witness, whose competency to testify as to the intoxicating or nonintoxicating character of the "shot" was not shown, to testify that he became intoxicated as result of the drink sold and given him by accused, such error was not prejudicial, in view of testimony of chemist.

*See Headnotes (1) 16 C. J. p. 759, 22 C. J. p. 439; (2) 16 C. J. p. 759; (3) 16 C. J. p. 586; (4) 33 C. J. p. 597; (5) 16 C. J. p. 545; (6) 16 C. J. p. 891; 17 C. J. p. 298; (7) 16 C. J. p. 605; (8) 40 Cyc.

p. 2510; (9) 16 C. J. p. 534; 22 C. J: p. 85 (10) 40 Cyc. p. 2604; (11) 16 C. J. pp. 916, 919 (12) 17 C. J. p. 321.

ERROR to District Court, Albany County, VOLNEY J. TID-BALL, Judge.

Ed Rosencrance was convicted of unlawfully selling intoxicating liquors, and he brings error.

*F. E. Anderson* for plaintiff in error.

The court erred in receiving the testimony of the committing magistrate as to the testimony of witnesses given at the preliminary hearing, and in receiving the record of the preliminary hearing as evidence at the trial. Opinion evidence of prohibition agents as to the alcoholic content of liquor is incompetent; Berry vs. U. S. 275 Fed. 680. We concede the rule to be that one familiar with whiskey may after its taste and smell testify whether it is whiskey; Lewinsohn vs. U. S. 278 Fed. 421. The prosecuting witness was incompetent to testify as to the alcoholic content of liquor; Beaty vs. State, 110 S. W. 449; Norwood vs. State, 86 S. 506; Roberts vs. State, 126 S. W. 1129; Richardson vs. State, 208 Pac. 1052; Marlan vs. State, 219 Pac. 172. The court erred in receiving evidence that accused had been suspected of conducting a gaming place; Baldwin vs. State, 144 Pac. 634, and in receiving evidence tending to show that the accused had been conducting a still elsewhere. The prosecution may not initially attack defendant's character; Wigmore on Evidence, Sec. 51, page 127. It is error to cross-examine the accused as to matters not relating to his testimony in chief; Wigmore on Evidence, page 2276; State vs. Saunders, 12 Pac. 441; People vs. Brown, 72 N. Y. 571; or to propound questions insinuating or intimating that accused was guilty of offenses other than as charged; Hager vs. State, (Okla.) 133 Pac. 263; State vs. LaMont (S. D.) 120 N. W. 1104; Watson vs. State, 124 Pac. 1101; People vs. Calhoun, 50 N. W. 384. The prosecutor was guilty of misconduct in exhibiting gambling paraphernalia, billies and leather blackjacks, during his examination of accused,

and the court committed error in overruling defendant's objection thereto; Hager vs. State, supra; Watson vs. State, supra. The prosecution must confine itself to evidence of the offense charged; Horn vs. State, 12 Wyo. 80; Marshall vs. U. S. 197 Fed. 511; Dyar vs. U. S. 186 Fed. 614; State vs. Crowder, 21 Pac. 208; Stricker vs. State, 222 Pac. 704. It was error to receive the testimony of the witness, who claimed to have taken the gambling paraphernalia under a search warrant when there was no proof of the issuance thereof; Weeks vs. U. S. 34 Sup. Ct. Rep. 341; State vs. Peterson, 27 Wyo. 185. The court erred in denying defendant's motion to re-open his defense and offer further corroborating evidence, and in denying defendant's motion for a directed verdict.

*George Patterson,* County Attorney, for defendant in error.

The record of the preliminary hearing is competent to prove the testimony of an absent witness; 22 C. J. 404; 16 C. J. 757; the admissibility of such evidence has the approval of this court; Ivey vs. State, 24 Wyo. 2; Meldrum vs. State, 23 Wyo. 13; a witness familiar with the taste and smell of whiskey is competent to testify and give his opinion as to what it is; 33 C. J. 775. Also a witness who became intoxicated from drinking the liquor in question; Gurley vs. Com. 48 L. R. A. NS 315; 33 C. J. 776. The prosecution offered no evidence of a separate offense and all evidence offered bore upon the specific charge, showing intent, purpose and surroundings, viz.: that defendant struck the prosecuting witness; that he was running a boot leg joint and had tried to purchase immunity from the sheriff. Where the commission of several offenses is a part of the *res gestae* that forms a part of the transaction; where separate offense show the motive or tends to show a general plan or scheme to commit the offense charged, it is admissible; 16 C. J. 574; Underhill on Evidence, Section 88, page 161; Walker vs. Com. 1 Leigh (Va.) 574; People vs. Molineux

(N. Y.) 62 LRA 193; evidence of gambling was admissible to show intent; 16 C. J. 591. Defendant admitted that he had attempted to bribe the sheriff. A defendant submitting himself as a witness may be impeached; Underhill, page 105; Eads vs. State, 17 Wyo. 503; testimony as to finding certain articles in the building where the commission of an offense was charged, was competent to corroborate the testimony of the prosecuting witness, as to what occurred at the time of the offense charged. The question of search and seizure does not come into the case, as no articles obtained in that way were offered in evidence; ruling on the motion to re-open was discretionary. Evidence of defendant's attempt to secure protection from prosecution for acts charged was competent. Defendant admitted that he had supplied the money to purchase the business; the cross-examination did not violate settled rules.

Blume, Justice.

The information in this case charges that the defendant, Ed Rosencrance, on November 18, 1921, in the county of Albany, State of Wyoming, did, in violation of law,

"unlawfully and without a permit, possess intoxicating liquor, being moonshine whiskey with an alcoholic content in excess of one-half of one per cent of alcohol, and said Rosencrance, defendant, did then and there unlawfully and without a permit, sell to H. O. Winkler four drinks of intoxicating liquor, to wit moonshine whiskey with an alcoholic content in excess of one-half of one per cent at and for the price of fifty cents per drink; and said Rosencrance, defendant, there and then unlawfully and without a permit, gave to said H. O. Winkler intoxicating liquor, to wit moonshine whiskey with an alcoholic content of more than one-half of one per cent, and that each of the above acts above set forth was then and there prohibited and unlawful."

No stress was laid in the case upon possession of any liquor by the defendant, except in connection with selling and

giving it to said H. O. Winkler. The defendant was convicted as charged, and sentenced by the court to imprisonment for three months and to pay a fine of $500. From the judgment so rendered the defendant brings the case here by petition in error. The parties will be referred to herein as in the case below. With the consent of the court the county and prosecuting attorney of Albany county was, at his request, permitted to appear and represent the State in this court, in place of the Attorney General.

1. The main testimony in this case was the testimony which H. O. Winkler had given at the preliminary hearing given the defendant. Said witness was absent from the state and was not present at the trial in the district court. He had been cross-examined at the preliminary hearing by counsel who then represented defendant. His testimony had been taken down in shorthand and the shorthand notes extended by the stenographer. These extended notes, the correctness thereof having been sworn to, were read to the jury. But in addition thereto the state used Mr. Brown as a witness, who acted as justice of the peace at the preliminary hearing, and proved certain isolated statements, made by Winkler at said preliminary hearing, by him. It seems to be the rule that where the original testimony is reduced to writing under the sanction of the court, the writing is competent and the best evidence. 22 C. J. 439. Whether or not the testimony at the preliminary hearing was reduced to writing under the sanction of the court does not appear, and we are not called on to decide whether that is permissible under our statutes or whether the former testimony of an absent witness—absent in contemplation of the rules of law—may only be shown by introducing the testimony as taken down by the stenographer. Mr. Brown was not asked as to whether or not he remembered the substance of the testimony of the witness. It does not appear that he did. In the absence of a showing to that effect, he should not have been permitted to testify. This question is fully

discussed and decided in the case of Foley v. State, 11 Wyo. 464, 487, 72 Pac. 627.

2. In reading the record before us, we cannot help but be impressed by the fact that the admission of testimony of other crimes, or attempted crimes of the defendant was influential or controlling in bringing about his conviction in the case at bar. This testimony related (a) to keeping a gambling place in connection with a place for dispensing liquor; (b) to an attempt to buy protection from a police officer for such gambling place, referred to as the Murphy place; and (c) to having or conducting an illicit still and an attempt to buy protection in connection with it from the sheriff of Albany county. The principal errors assigned refer to the admission of such testimony. It is, of course, well known that the commission of a separate crime cannot ordinarily be proved in support of the one named in the information or indictment. That rule is applicable to liquor cases as well as to others. People v. Pagni, (Cal. App.) 227 Pac. 972. In Commonwealth v. Shepard, 1 Allen (Mass.) 575, the court said of evidence of other crimes:

"It is a dangerous species of evidence, not only because it requires a defendant to meet and explain other acts than those charged against him and for which he is on trial, but also because it may lead the jury to violate the great principle that a party is not to be convicted of one crime by proof that he is guilty of another."

In Towne v. People, 89 Ill. App. 258, it was said:

"But the general rule is salutary and a departure from it is perilous, and hence courts are reluctant to extend the exception to the rule beyond well established lines."

The rule with its exceptions was stated in Gibson v. State, 14 Ala. App. 111, 72 So. 210, citing from an earlier case as follows:

"It is a general rule that it is not permissible to prove or admit circumstances going to show that the defendant committed another offense or other offenses of similar character to that charged, except when necessary to show scienter or intent, establish identity, complete the res gestae, show motive or make out a chain of circumstantial evidence of guilt in respect to the act charged."

With these general rules in mind, we shall proceed to discuss the errors assigned as to the admission of testimony of each of the other crimes above mentioned.

3. The main testimony in this case was, as stated before, that of the absent witness H. O. Winkler. He testified that he went to the Murphy place, where he saw the defendant, saying to the latter: "Give me a shot;" that defendant thereupon gave him intoxicating liquor in a small whiskey glass for which he paid fifty cents; that he bought two other drinks for each of which he paid the same amount. The witness was then asked what else he did and he answered: "I asked him if there was a game on. He said no, but there will be in a little bit;" that he, the witness, later went into the basement of the building and played poker for money; that defendant was not there at first, but came later and brought drinks of whiskey for those that were playing without any charge therefor; that he became intoxicated as the result of the drinks sold and given him; that he, the witness, played with a Jap, a Swede and one Berg; that he bet $15 with the Swede and won the bet; that he had fifteen dollars' worth of yellow checks, had a stack of checks for $10, and some red checks amounting to three or four dollars; that he pledged his watch for a credit in the amount of $30; that he had $80 and lost it all. Further details need not be mentioned. We have stated sufficient to show that an attempt was made in every way to prove that the defendant conducted a gambling den in the Murphy place. Objections were made to much of this testimony, and exceptions were reserved to the adverse ruling of the court. Before

proceeding to discuss these objections, it may be well to mention here that defendant denied Winkler's and other damaging testimony against him, claiming that at the time testified to by Winkler, he was sick in bed and that he never saw Winkler. In this he was corroborated by another witness. There is also apparently reputable testimony to show that instead of Winkler becoming intoxicated as the result of any liquor sold or given to him by defendant, he was already very much intoxicated shortly before he claims to have seen the defendant. The county attorney, appearing on behalf of the state herein, argues that the foregoing testimony as to gambling was admissible as part of the res gestae. We fail to see, however, the connection between the sale of whiskey by defendant and the gambling; the fact that gambling was permitted in the Murphy place had no necessary connection, so far as we can see, with the sale or gift of liquor there by defendant. In the case of State v. Lowry, 29 Wyo. 251, 212 Pac. 649, the defendant was charged with the possession of intoxicating liquor in a place which seems to have been similar to the Murphy place, and as in this case, so in that, testimony of gambling was admitted. This court, speaking through Chief Justice Potter, said:

"Testimony was improperly admitted relating to gambling in the defendant's said place of business. * * * That testimony had no possible relation to the offense for which the appellant was being tried, and its admission could not have been otherwise than prejudicial. But no exception having been taken to it, and exceptions having been reserved to other errors, the matter is referred to here merely to indicate the impropriety of admitting such testimony upon the trial of this case."

The converse situation appears in Baldwin v. State, 11 Okla. Crim. Rep. 228, 144 Pac. 634. In that case the defendant was charged with gaming—playing poker for money. Tetsimony had been admitted to the effect that the place where the defendant played was conducted as a gambling

place and that there was whiskey in the place, who was selling it and who was drinking it. This was held to be error, the court saying:

"If the county attorney wanted to prosecute Baldwin for maintaining a gambling house and a place where intoxicating liquor was sold, he had a right to do so, and it was his duty to do so, if the facts warranted, but that issue was not raised in the case at bar, wherein the persons were charged with the offense of gaming only."

It is argued on behalf of the state that the testimony was admissible to show intent. But intent is no element of the crime with which the defendant in this case stands charged. State v. Seidler, (Mo. App.) 267 S. W. 424; Carpenter v. United States, (C. C. A.) 280 Fed. 598; Grantillo v. United States, (C. C. A.) 3 Fed. (2nd) 117; Williams v. State, 45 Tex. Crim. 477, 77 S. W. 215. It is further argued that it was admissible for the purpose of showing motive, upon the theory that the defendant was interested in having Winkler become intoxicated for the purpose of having him gamble and in that way get as much money out of him as possible. Though it is not made to appear, a similar argument was doubtless advanced, or could have been advanced, in the case of Ryan v. People, 66 Colo. 208, 180 Pac. 84, where the defendant was charged with the sale of intoxicating liquor and evidence was introduced for the purpose of showing that she was the keeper of a house of prostitution. We may well fancy a much greater motive for the sale of liquor in that case than in this, and a much greater result, for, aside from the effects of liquor, the charm of women is as potent today as was the song of the sirens in the days of old. Nevertheless the Supreme Court of Colorado held the testimony inadmissible and reversed the judgment of the court below. Again, the theory of the state has no basis in the testimony. There is nothing to indicate that defendant wanted, or induced, Winkler to gamble. On the contrary, Winkler, ac-

cording to his own testimony, was evidently anxious to get into a game, and made inquiries in relation thereto while still sober. According to his testimony, the defendant was not even present when he commenced his gambling or for a considerable time thereafter. It is clear, we think, that the testimony in reference to gambling should not have been admitted. We do not go so far as to say that it would constitute error if some testimony in relation thereto unavoidably creeps into the case, and it may not be possible hereafter to keep all of it out. But there was apparently a studied effort in the trial of this case to show the details of the gambling. The county attorney attempts to paint a lurid picture of the Murphy place, stating among other things that "this record presents a picture of the underworld. All the elements are here except its charm." But the defendant in this case was not charged with keeping a place of that character and the statement aforesaid but emphasises what we have stated, that there was evidently an effort to get before the jury everything that could possibly relate to gambling, the only purpose of which could have been to prejudice the jury against the defendant. In this connection it should be mentioned that it is stated in the motion for a new trial and in an affidavit attached thereto, that the prosecuting attorney placed on the table in the court room for exhibition to and in the presence of the jury, all the gambling paraphernalia supposedly found in the Murphy place, and that it was withdrawn only after vigorous objection was made by counsel for defendant. While, perhaps, no proper exceptions have been reserved in the record to present the point here, it is not amiss to say that if the facts stated are true, such conduct on the part of the prosecuting attorney was improper and prejudicial and should not be repeated. The defendant was not on trial for gambling or conducting a gambling place.

4. The defendant, when on the witness stand, was asked whether or not he did not go to the house of the sheriff of Albany county about November 15, 1921, stating to him in

substance that ''they had another still and didn't want to start up unless they could get protection,'' and whether he had not offered $200 per month for previous information if a raid should happen to be in contemplation by officers of the law.   While the defendant answered in the negative, the sheriff, in rebuttal, was permitted to testify to that as true.   It is not disclosed in the testimony where this supposed still was located.   Another still, referred to by the witnesses, was, we infer from the testimony of the defendant, about seven miles distant from the city of Laramie.   In any event there is no showing whatever that the still, in reference to which the sheriff testified, had any connection whatever with the sale of liquor with which the defendant was charged.   In the case of Heitman v. United States, (C. C. A.) 5 Fed. (2nd) 887, the defendant was charged with maintaining a liquor nuisance, and it was held error to permit a witness of the state to testify that on a prior occasion, he, with others, had found the defendant and another repairing a barn for the operation of an illicit distillery.   In the case of Herring v. Commonwealth, 200 Ky. 304, 254 S. W. 906, it was held that where the defendant was charged with the crime of unlawful possession of intoxicating liquor, it was error to admit testimony that accused owned a moonshine still and had been engaged in making moonshine whiskey, such other offense not being so inseparably connected with the crime charged that proof of the latter necessarily involved proving the former and no question of identity or guilty knowledge or intent or motive or malice or system of criminal action being presented in the case that was tried.   No connection between the still in question in the case at bar and the crime charged against the defendant having been shown, we think that the testimony in relation to the still, both upon cross-examination of the defendant and upon examination of the sheriff, should have been excluded.

5.   The defendant was also asked upon cross-examination whether or not he had not offered Mr. Connors, night ser-

geant of police, money for protecting the Murphy place. Defendant denied this, but Connors was permitted to testify that defendant did so. The latter, upon direct examination, had been asked the following question: ''Do you have any interest in the Murphy building or did you have at the time it was run as a soft drink parlor?'' To which the defendant answered: ''No sir.'' It is apparent, therefore, that counsel for defendant opened up the subject as to whether or not the defendant was interested in said building, and we are unable to see why the state should not have been permitted to cross-examine him thereon. Inasmuch as he deemed it evidently of importance to show that he had no interest in said building, we can see no reason why the state should not have been permitted to show the contrary, even though that might involve showing another crime. Because of the disposition made of this case, however, we shall state our view as to such testimony in case the defendant does not, upon another trial, open up the subject. Evidence to the effect that defendant offered to pay money for ''protection'' of the Murphy building, would undoubtedly be relevant, in case one of the ultimate questions to be determined were whether or not the defendant was interested in that building. Testimony that defendant offered such protection-money, might warrant the inference that the defendant was interested in such building, but could a further inference be legitimately drawn from the former inference that the defendant was present there and sold whiskey to H. O. Winkler, as charged in the information? For the testimony could have no possible bearing on this case unless it tended to show such presence of the defendant and the likelihood of his making the sales in question. Though the point may be debatable, we are inclined to believe that such latter inference cannot be drawn. Generally no presumption may be based upon another presumption and no inference upon another inference. 22 C. J. 84, 85.

6.   One Andrew Berg, who conducted the soft-drink parlor in the Murphy building, was a witness on behalf of the

defendant.   Upon his cross-examination by the state the following proceeding took place:

"Q. You are a defendant in this case, aren't you? Mr. Anderson: That is objected to. He is not a defendant in this case. If that were true he would not be here. Mr. Patterson: He was in this same transaction. Mr. Anderson: I ask the record to show that it is not true. Mr. Patterson: It certainly is. He is charged here with gambling. It is case No. 1512, the State of Wyoming v. Andrew Berg."

Andrew Berg is not a defendant in the case at bar. Judging from the statement of the prosecuting attorney, he was defendant in another case wherein he was charged with gambling, and the evident purpose of the prosecuting attorney was to discredit the witness in the eyes of the jury, and to convey to them the knowledge that he was charged with a crime. That such testimony elicited, either upon cross-examination or otherwise, is improper, was decided by this court in the case of Eads v. State, 17 Wyo. 490, 503, 504, 101 Pac. 946, and is the general rule. Jones on Evidence, sec. 838, Coyne v. United States, 246 Fed. 120, 158 C. C. A. 346; Glover v. United States, 147 Fed. 426, 77 C. C. A. 450, 8 Ann. Cas. 1184. The court properly sustained the objection to the question asked, but that fact or even an instruction that the jury shall disregard it, frequently fails to correct the mischief done. We do not say that the conduct of the prosecuting attorney in this case would be sufficient cause for reversing the case, but the rules referred to in previous cases, that prosecuting attorneys should not go beyond the proper limits of conducting the case on behalf of the state must not be forgotten. See State v. Sorrentino, 31 Wyo. 129, 224 Pac. 420; State v. Wilson, (Wyo.) 228 Pac. 803.

7. Winkler had testified that the defendant gave him a "shot." He was then asked whether or not that "shot" was intoxicating liquor, and the question was objected to

on the ground that the witness had not shown himself to be qualified to answer. It is true that his competency as a witness in that respect had not been shown. He testified however that he became intoxicated as a result of the drinks sold and given him by the defendant. Another witness on behalf of the state, a chemist, testified that Winkler would not have become intoxicated unless the drinks given him contained more than one half of one per cent of alcohol. Whatever error there may have been in permitting the witness Winkler to testify as he did on the point in question, it was, we think, without prejudicial effect.

Without stating whether or not any of the errors herein pointed out would alone be sufficiently prejudicial so as to require a reversal, we think that justice will be best subserved in this case by reversing the judgment and remanding the cause for a new trial. It is so ordered.

*Reversed and Remanded.*

POTTER, C. J., and KIMBALL, J., concur.