Ruben Eliu VALERIO, Appellant (Defendant below),

v.

The STATE of Wyoming, Appellee (Plaintiff below).

No. 3507.

Supreme Court of Wyoming.

June 23, 1967.

Vincent A. Ross, Cheyenne, for appellant.

Dean W. Borthwick, Atty. Gen., Jack Speight, Asst. Atty. Gen., Cheyenne, William D. Norman, Sp. Asst. Atty. Gen., for appellee.

Before GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Ruben Eliu Valerio was convicted by a jury of armed robbery and sentenced to a term in the Wyoming Penitentiary. He comes to us on appeal claiming error in his trial (1) because the prosecution made it appear defendant had previously stolen a bicycle; (2) because the prosecution allowed a witness to refer to having been threatened on a previous occasion, with an inference that defendant was involved in the threatening; and (3) because the prosecuting witness, who had changed his original story to the police, was allowed to testify the change in his story was made on account of the possibility of a lie detector test.

Pete Junior Bonney, the person who had been robbed, was asked at the trial if he had ever had any trouble with defendant. He answered, "No trouble." Afterwards he was asked when he first had any conversation or dealings with the defendant. The witness answered: "Well, one time when I went to the little store and I left my bike parked there he took it."

Counsel for defendant objected to the answer as not being the proper method to impeach defendant and moved for a mistrial. The judge denied the motion, stating he thought the matter irrelevant. The prosecutor stated the testimony was offered not to prove the defendant took the bicycle but for the purpose of showing the defendant was known to the witness.

In the absence of the matter being pursued further, we doubt that the answer of the prosecuting witness materially prejudiced defendant. However, of more importance is the fact that it was material for the state to show the defendant was known to the witness from past connections, and the testimony given was admissible for that purpose.

As a general rule, it can be said proper evidence to identify accused as the person who committed a crime is not to be excluded because it tends to prove he was guilty of another and independent crime. 22A C.J.S. Criminal Law § 684, pp. 756–758. See also McCormick on Evidence § 157, pp. 327–330, where it is stated evidence of an accused having committed a crime other than that for which he is charged is admissible to prove identity. "This is accepted," the author states, "as one of the ultimate purposes for which evidence of other criminal conduct will be received."

Our court, in State v. Lindsay, 77 Wyo. 410, 317 P.2d 506, 510, recognized that evidence is not to be excluded because it tends to show the commission of other offenses "where it tends to prove facts material in the trial". And the following cases have held testimony about one's previous criminal activity can be introduced in the current trial if the purpose of such introduction is to establish identity, guilty knowledge, intent or motive: Stewart v. United States, 9 Cir., 311 F.2d 109, 112; United States v. Frascone, 2 Cir., 299 F.2d 824, 828–829, certiorari denied 370 U.S. 910, 82 S.Ct. 1257, 8 L.Ed.2d 404; Hughes v. United States, 10 Cir., 320 F.2d 459, 461–462, certiorari denied 375 U.S. 966, 84 S.Ct. 483, 11 L.Ed.2d 415.

With respect to appellant's second assignment, the prosecuting witness, Bonney, admitted he first told the police the person who took the money from him was a colored

boy, instead of telling them it was defendant. Asked why he told them that he answered:

"Well, because of—There was a mix up in Laramie about a month before that I had some trouble because somebody thought I had told on them about them robbing up in Laramie."

■ The record indicates counsel for defendant objected at this point on the ground that the testimony was irrelevant. The court sustained the objection. Although defendant's attorney has filed an affidavit stating he made a motion for mistrial on account of this testimony and that the court reporter failed to correctly record what transpired, the record fails to support him, and we cannot go outside the record.

■ Thus, the court having sustained defendant's only objection to the answer pertaining to the witness' reason for not telling the police the truth at first, we cannot afford further relief where further relief was not requested of the trial court. See Drummer v. State, Wyo., 366 P.2d 20, 23–24.

Appellant's third assignment has to do with a lie detector test. The prosecuting witness, Bonney, testified the police told him they would take him to Denver for a lie detector test; that this would be making them a lot of expense; that if it showed up he was lying it would hurt him; and that if he told them now it would go a lot better for him. This, the witness testified, is what made him change his mind and tell the truth. When asked whether the story about the negro or the story about the defendant was the truth, he insisted the story about the defendant was true.

Appellant's only complaint concerning this testimony is that, since the witness implicated defendant only when confronted with the possibility of a lie detector test, it left the inference that the witness was then telling the truth and this was in essence giving an opinion as to veracity and invading the prerogative of the jury. Not only

has the appellant failed to support with authority his contention that the prerogative of the jury was invaded, but he also failed to present to and obtain from the trial court a ruling on the contention now made on appeal.

■ At the trial, the only objection made to testimony concerning the lie detector test was that it was not proper redirect. The court considered the matter was opened on cross and allowed the testimony to stand. We are not called upon to decide whether it was or was not opened on cross, or whether the court in its discretion could permit the testimony in any event, as far as the objection made was concerned. Moreover, the defendant made a motion for new trial and still failed specifically to bring to the attention of the trial court the contention now urged on appeal.

■ As to the need for points urged on appeal to be supported by authority, we said in Drummer v. State, Wyo., 366 P.2d 20, 26, the court is not required to search out authorities but may presume counsel found no case after diligent search. Also, in People v. Gidney, 10 Cal.2d 138, 73 P.2d 1186, 1189, it was said in the absence of authority, claim of alleged error will not be considered.

As to the need for objection at the trial level on the ground urged on appeal, our court said in Murdock v. State, Wyo., 351 P.2d 674, 679:

"Since the objection was not originally made on the ground now urged, the argument is without force. * * * The objector should lay his finger on the particular point intended to be raised so that the trial court will have notice and an opportunity to cure the alleged error."

Also, in Dickerson v. State, 18 Wyo. 440, 111 P. 857, 863, rehearing denied 116 P. 448, this court said it is incumbent upon the complaining party to point out with definiteness and particularity the error of which he complains, so that the trial court may pass upon the exact question which may thereafter be presented for review. See

also State v. LaBoon, 67 N.M. 466, 357 P.2d 54, 56.

We find no reversible error in the assignments brought to our attention.

Affirmed.

HARNSBERGER, C. J., not participating.