**Anthony J. BOTTIGLIO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 409.**

United States Court of Appeals,
First Circuit.

Submitted Sept. 1, 1970.

Decided Sept. 23, 1970.

---

* ▉ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Anthony J. Bottiglio, on memorandum pro se.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

■ This defendant was previously before this court, at which time we ruled that his motion to suppress evidence had been filed late, and need not have been acted upon. United States v. Maloney, 1968, 402 F.2d 448, cert. denied 394 U.S. 947, 89 S.Ct. 1283, 22 L.Ed.2d 481. Defendant now brings a second petition under 28 U.S.C. § 2255, the substance of which is that inasmuch as counsel was dilatory with respect to filing the motion, defendant was deprived of the effective assistance of counsel and his conviction was accordingly unconstitutional. The district court dismissed his petition, and he appeals.

■ We cannot recognize defendant's easy way of avoiding all rules for the effective conduct of criminal litigation. "Ineffective counsel," in the constitutional sense, means representation "such as to make the trial a mockery, a sham or a farce." Johnson v. United States, 10 Cir., 1967, 380 F.2d 810, 812; accord, United States v. Horton, 2 Cir., 1964, 334 F.2d 153, 155, Smith v. United States, D.C.Cir., 1963, 116 U.S.App. D.C. 404, 324 F.2d 436, 440, cert. denied 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975; Dodd v. United States, 9 Cir., 1963, 321 F.2d 240, 243. See also McMann v. Richardson, 1970, 397 U.S. 759, 772, 774, 90 S.Ct. 1441, 25 L.Ed.2d 763; Green v. United States, 1 Cir., 1958, 256 F.2d 483, 485, cert. denied 358 U.S. 854, 79 S.Ct. 83, 3 L.Ed.2d 87. Were the rule otherwise every conviction would result in a new trial with, in effect, a substituted defendant, viz., unsuccessful counsel.

■ It is true that failure of counsel to file a notice of appeal when instructed to do so is ground for, in effect, a late appeal. Rodriguez v. United States, 1969, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340. This is a special exception, because of the fundamental nature of the right of appeal, and not a universal rule applicable to all alleged failures of counsel to file motions, or to take other steps, pre-trial or trial.

Affirmed.