**UNITED STATES of America,
Appellee,**

v.

**Roberto Power BENTHIEM, Defendant-Appellant.**

**No. 7798.**

United States Court of Appeals,
First Circuit.

Heard Feb. 3, 1972.

Decided March 1, 1972.

**166**

Jose Torres Ortiz, Caparra Heights, P. R., by appointment of the Court, for appellant.

Jorge Rios Torres, Asst. U. S. Atty., with whom Julio Morales Sanchez, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

In 1967 defendant was tried on a three count indictment charging him with purchasing, concealing, and selling heroin.[1] He waived trial by jury and was found guilty by the district court on all three counts. This is a direct appeal from these convictions pursuant to our judgment of November 25, 1970, restoring defendant's right to appeal.

At trial the first and principal prosecution witness was Special Agent Amador Fortier who testified that he was introduced to the defendant by a "special agent employee" (herein the employee) and that after some negotiations for the purchase of heroin it was agreed that Agent Amador Fortier would give the $500 purchase price to the employee to hold. The employee and the defendant then departed telling the agent to wait for them. When they returned the defendant took a white envelope from his sock, handed it to the agent and told him that "it was good stuff." Three other witnesses testified for the government, establishing that the envelope contained heroin and that the defendant was not a licensed trafficker authorized to deal in narcotic drugs. The employee did not testify.[2] Finally, the defendant took the stand in his own behalf. The trial court found that Agent Amador Fortier was completely credible and that there was no flaw in his testimony. On the other hand, it found the defendant's story inherently self-contradictory and generally incredible.

1. Count one charged illegal purchase. Count two charged receiving, concealing, and facilitating the transportation of heroin. Count three charged illegal sale.

2. In reaching its verdict, the court explicitly considered the failure of the government to produce this witness.

The defendant contends that the ineffectiveness of his appointed counsel deprived him of his sixth amendment rights.[3] To support this allegation he has assiduously culled the record for any and every conceivable error. He alleges, *inter alia,* that his attorney failed to object on various occasions to leading questions asked by the prosecutor, to hearsay evidence and to unresponsive answers. He also claims that his attorney failed to cross-examine vigorously enough and that he failed to prepare the case thoroughly. We have viewed all these alleged shortcomings separately and cumulatively and find no substance to any of them. Ineffective counsel, in the constitutional sense, means representation such as to make a mockery, a sham or a farce of the trial. Bottiglio v. United States, 431 F.2d 930 (1st Cir. 1970). Defendant's contentions do not approach this.

Nor is the evidence insufficient to sustain convictions for concealing and selling heroin. While at two places in the record there appears to be some confusion about dates,[4] whatever uncertainty was created was subsequently dispelled by unequivocal testimony. In all other respects, the evidence is ample to support the convictions on counts two and three. There is, however, no sufficient evidence that defendant purchased heroin and therefore we vacate the conviction on count one. The defendant was given concurrent sentences on all three counts, and we do not see that the error on count one affected the other two.

*Judgment shall be entered vacating the judgment on count one and affirming the judgment on counts two and three.*

---

3. This contention is not new to us. *See* Benthiem v. United States, 403 F.2d 1009 (1st Cir. 1968) (per curiam), cert. denied, 396 U.S. 945, 90 S.Ct. 384, 24 L.Ed.2d 247 (1969).

4. In speaking of the date of the offense both the prosecutor and Agent Amador Fortier initially referred to September 7, 1966, instead of September 27. It is unclear whether this is an error in transcription or whether they misspoke themselves. In either event, it is unmistakably certain from subsequent testimony that September 27 is the intended date. The agent made a similar mistake when he said that he gave the evidence to the supervisor agent on September 26. Again it is clear that September 27 was intended.