Joe (nmi) DORADOR, Jr., Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4295.

Supreme Court of Wyoming.

March 25, 1974.

Edward P. Moriarity of Urbigkit, Moriarity & Halle, Terry W. Mackey, Cheyenne, for appellant.

Clarence A. Brimmer, Atty. Gen., David A. Kern, Sp. Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and GUTHRIE and McINTYRE, JJ.

Justice McINTYRE delivered the opinion of the court.

The appellant was tried and convicted in district court on two indictments: (1) possession with intent to deliver a controlled substance (marihuana); and (2)

delivery of a controlled substance (marihuana). On appeal defendant first asserts he was denied a fair trial because he was tried on two separate indictments arising out of the same circumstance; and a conviction and sentencing on both indictments constituted double jeopardy.

Dorador was charged under § 35–347.-31(a), W.S.1957, 1973 Cum.Supp. Insofar as pertinent, the section provides:

"* * * it is unlawful for any person to * * * deliver, *or* possess with intent to * * * deliver, a controlled substance." [Emphasis supplied.]

It is significant that the legislature used the disjunctive "or," thereby indicating that a violation of any of the mentioned prohibitions was a crime.[1] A statute was dealt with in State v. Fitzpatrick, 5 Wash. App. 661, 491 P.2d 262, 266, which provided that it shall be unlawful for a person "to sell" "or distribute" marihuana. The court stated that the disjunctive "or" clearly differentiates between sale and distribution and in effect makes them separate methods of violating the law.

Loddy v. State, Wyo., 502 P.2d 194, 197, is relied on for the proposition that, if more than one criminal offense arises from the same transaction inspired by the same criminal intent which is the essential element of each offense, the offenses merge and the defendant is subject to only one punishment. While *Loddy* is not completely analogous to the case at bar, we agree that a person who, in one transaction, possesses with intent to deliver and delivers a controlled substance commits a single violation of the statute and should incur only one punishment.

Judge Blume discussed a comparable situation in State v. Tobin, 31 Wyo. 355, 226 P. 681, 685 ff.,[2] citing Howard v. State, 191 Ind. 232, 131 N.E. 403, where it was said, at 131 N.E. 404:

"A statute often makes punishable the doing of one thing or another, sometimes

1. See Albrecht v. United States, 273 U.S. 1, 11, 47 S.Ct. 250, 71 L.Ed. 505.

2. To a similar effect is Middleton v. State, 36 Wyo. 356, 255 P. 786.

thus specifying a considerable number of things. Then, by proper and ordinary construction a person who in one transaction does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things."

The evidence in the instant case brings it within the rule pronounced in *Tobin*.

While, as the State argues, each of the offenses delineated in § 35-347.31(a) can be committed separately and be punishable as such, the only substantial evidence presented to the court here related to one transaction, that of the delivery. Aside from that there is no evidence of the possession of a controlled substance except a rather casual reference to the defendant's going to the other room for it. Conceivably there could be some implication that since he went there to get the substance he must have possessed more. However, such would not warrant a conviction on this aspect. Nevertheless, this does not mean, as defendant Dorador argues, that he was prejudiced by having to go on trial for both indictments before the same jury at the same time when he could, had the evidence so warranted, been convicted of both.

For reasons which are being hereinafter explained, we consider it necessary to remand this case for new trial. Even if that were not done, however, we would be compelled to hold that only one sentence of the prescribed time of three and one-half to four years and one fine of $1,250 could be imposed upon Dorador.

Appellant claims prejudicial error was committed at his trial because the trial court permitted testimony pertaining to crimes committed by the defendant other than the ones for which he was being tried. Gabrielson v. State, Wyo., 510 P.2d 534, 536; Wright v. State, Wyo., 466 P.2d 1014, 1016; Rosencrance v. State, 33 Wyo. 360, 239 P. 952, 956; and Eads v. State, 17 Wyo. 490, 101 P. 946, 950, are cited for the principle that a party is not to be convicted

of one crime by proof that he is guilty of another.

Otherwise stated, the prosecution may not attack the character of a defendant unless the defendant himself has first placed his character in issue. Anderson v. State, 27 Wyo. 345, 196 P. 1047, 1055; State v. Riggle, 76 Wyo. 1, 298 P.2d 349, 363, reh. den. 300 P.2d 567, cert. den. 352 U.S. 981, 77 S.Ct. 384, 1 L.Ed.2d 366. The record in Dorador's trial shows the prosecution placed the accused's character in issue and produced testimony designed to show criminal misconduct which was in no manner connected with the charge for which the defendant was being tried.

In his opening statement the prosecuting attorney made the following statement:

" * * * The testimony will disclose that the attorney general's investigators happily accepted his [a State's witness'] offer with no strings attached and with no promises and that he then disclosed to the attorney general's office that one Joe Dorador, Jr., the defendant sitting here, was engaged and had been engaged for some time in the drug—as a drug peddler."

When objection was made to this statement, with a request that the jury be asked to disregard it, the court overruled the objection and declined to instruct the jury or make reference to the matter in any manner.

In Valerio v. State, Wyo., 429 P.2d 317, 318, we said testimony about one's previous criminal activity can be introduced in the current trial if the purpose of such introduction is to establish identity, guilty knowledge, intent or motive. Generally, however, unless evidence of other crimes relates to one of the specific exceptions defined by case law, such evidence should not be admitted at a trial.

Thus, if testimony of narcotic offenses on other occasions have no probative value except to show a propensity on the part of the defendant to commit that kind of crime, the labeling of a defendant as a

"pusher" is much more than merely testifying to an earlier transaction involving narcotics. The label implies that the defendant was a professional seller of narcotics, engaged in that unsavory occupation for a substantial period of time. See People v. Porter, 13 Ill.App.3d 437, 300 N.E.2d 314, 316–317; and Brown v. State, Okl.Cr., 506 P.2d 617, 618–619.

During the course of trial the State, despite objections of the defendant, offered testimony to the effect that Dorador was a source of heroin for certain individuals. He was not being tried for the possession or sale of heroin. An example of this testimony appears in the record when an officer was asked if his undercover agent had any heroin sources. Over objections from defense counsel, the court permitted an answer to the effect that the only "heroin sources" known to the agent were Mr. Dorador and Josie Jaramillo and possibly Gregario.

Although the trial court subsequently ordered certain testimony, which had been objected to, to be stricken because no foundation was laid, its instruction in that regard was confusing. It is quite doubtful if the court's action at that time had any effect with the jury and it certainly was inadequate to correct the prejudice that had already occurred.

We find trial procedures against the accused in this case sufficiently erroneous and prejudicial to require a new trial.

Reversed and remanded for new trial.