**Robert James KWALLEK, Appellant (Defendant below),**

v.

**STATE of Wyoming, Appellee (Plaintiff below).**

No. 4966.

Supreme Court of Wyoming.

March 12, 1979.

Rehearings Denied March 26, 28 and April 10, 1979.

Stuart S. Healy, Sheridan, for appellant.

John J. Rooney, Acting Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., and Randy Meyers, Legal Intern, Office of the Attorney General, Cheyenne; and James N. Wolfe, County and Pros. Atty., Sheridan County, for appellee.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.*

ROSE, Justice.

On January 16, 1978, Robert James Kwallek was convicted of aggravated assault and battery pursuant to a charge that, on the 20th day of October, 1977, and contrary to § 6–4–506(a), W.S.1977, he did

"unlawfully and maliciously inflict upon another person grevious [sic] bodily harm, in that he did strike one, John Weedman, about the face and body with his hands and feet causing grevious [sic] injury to the said John Weedman, a human being." [1]

Charles McKenzie, who testified for the State, had accompanied the defendant to a liquor lounge where the complained-of incident took place. McKenzie, too, was charged, but when he testified at Kwallek's trial he had entered into plea negotiations resulting in a plea of guilty with probation. Mr. McKenzie testified that he, together with the defendant Robert Kwallek and one Bob Patterson, had arrived at the Torchlight Lounge in Sheridan, Wyoming, at about 9:30 p. m. He said that a fight broke out at approximately 10:45 p. m., following an argument between Kwallek and the complaining witness, John Weedman, over Kwallek's and Patterson's return to the Torchlight with "go-cups" which they had been furnished for the purpose of taking their beer away from the bar premises.

McKenzie related that the fight had been started by the card-checker and bouncer, Weedman, who struck the defendant following an exchange of words concerning the use of the go-cups. Over objection, the witness was allowed to testify to his own involvement in the fight as an antagonist, concluding with the observation that he had pleaded guilty and paid Mr. Weedman's hospital bills because he felt his own blows had caused his injuries.

Ross Trujillo was a patron at the Torchlight Lounge on the evening in question, and he testified that he saw the defendant, Robert Kwallek, hit John Weedman once, but that he did not observe the defendant kick Mr. Weedman.

Weedman testified that he was employed at the Torchlight Lounge on October 20, 1977, and that he had never met the defendant before the night in question. He related that, without provocation, the defendant struck him twice and the only exchange the two had shared, prior to the altercation, was when Weedman said "goodnight" to the defendant. He further said that, in the course of the fight, he received a broken nose and cracked ribs which caused him to lose his job and miss fifteen days of work.

The State called the manager of the Torchlight Lounge, Mr. Bobby Rivers, who testified that the defendant Kwallek "threw a straight-out punch right in Weedman's face." He said that he later turned and saw both Charles McKenzie and the defendant beating on Weedman. The witness admitted that he did not see what preceded the fight and had not observed any preliminary argument.

Mr. Kwallek testified that on the evening of October 20, 1977, he and Charles McKenzie and Bob Patterson arrived at the Torchlight Lounge at about 9:00 or 9:30 p. m.

---

* At the time of oral argument, Guthrie, J., was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered January 1, 1979, he has been retained in active judicial service pursuant to Article 5, Section 5, Wyoming Constitution, and Section 5–1–106(f), W.S.1977, and has continued to participate in the decision and opinion of the court in this case.

1. From Criminal Warrant and Information.

He related that he and his friends started to leave the lounge at approximately 11:00 or 11:30 p. m., when his confrontation with the complaining witness, Weedman, took place. Kwallek said that he was attempting to break up a verbal argument between Patterson and Weedman when Weedman struck him with an object, which Kwallek thought was a flashlight, and as a result of the blow he received a cut lip. Kwallek testified that he then hit Weedman with his fist, perhaps twice, but that he administered no other blows, nor did he, at any time, kick the complaining witness.

The defense called Bob Patterson, who had accompanied Kwallek to the Torchlight Lounge on October 20, 1977. Patterson testified that Weedman's swing at the defendant served as the provocation for the fight. Patterson related that he observed the defendant to have a swollen lip the next morning.

The jury found the defendant guilty of aggravated assault and battery and he was sentenced to serve from three to six months in the County Jail.

Prior to trial, the defendant filed a motion in limine asking the court for an order which would do two things:

1. Exclude evidence that Charles A. McKenzie, who was a participant in the altercation resulting in charges against defendant and McKenzie, had pleaded guilty or otherwise admitted his involvement. As grounds for the requested exclusion, defendant urged irrelevancy, but, if relevant, the violation of Rule 403, W.R.E.[2]

2. Exclude evidence of the defendant's character unless first placed in issue by the defendant, all in compliance with the provisions of Rule 404(a)(1), W.R.E.[3] This motion was overruled. During trial, therefore, the prosecution elicited testimony from McKenzie that he had pleaded guilty to the same offense as that with which the defendant was charged. Furthermore, the issue of the defendant's propensity for trouble-making was inquired into. Timely objections were lodged to these inquiries but the objections were overruled by the court.

Appellant brings these following issues to our attention for review:

1. Did the trial court err in allowing a witness to testify that he had pleaded guilty to a charge similar to that for which the appellant was on trial and which arose out of the same criminal transaction?

2. Rule 403, W.R.E., provides:

> "EXCLUSION OF RELEVANT
> EVIDENCE ON GROUNDS
> OF PREJUDICE,
> CONFUSION, OR
> WASTE OF TIME
> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

3. Rule 404, W.R.E., provides:

> "CHARACTER EVIDENCE NOT
> ADMISSIBLE TO PROVE
> CONDUCT; EXCEPTIONS;
> OTHER CRIMES
> "(a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
> "(1) *Character of accused.* Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;
> "(2) *Character of victim.* Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;
> "(3) *Character of witness.* Evidence of the character of a witness, as provided in Rules 607, 608, and 609.
> "(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

2. Did the trial court err in allowing the prosecuting attorney to question the appellant about past misconduct unrelated in time to the crime for which he was charged?

3. Did the trial court err in denying the appellant's motion for judgment of acquittal at the close of the State's case and at the close of all evidence?

4. Did the trial court err in denying appellant's motion for a new trial based on newly discovered evidence?

## ISSUE NO. 1

*Did the trial court err in allowing a witness to testify that he had pleaded guilty to a charge similar to that for which the appellant was on trial and which arose out of the same criminal transaction?*

The question must be divided into two parts:

(1) Was error committed in admitting evidence of a third party's guilty plea to a charge arising out of the same incident? and if the answer is in the affirmative,

(2) Was the error prejudicial?

We will hold that the admission of the evidence was prejudicial error and we will reverse.

On direct examination of the witness McKenzie, the prosecuting attorney precipitated the following exchange:

"Q. O.K. Were you charged in the same incident?

"A. Yes, I was.

"Q. And has your case been completed?

"A. Yes, sir.

"Q. And could you tell us what happened with regard to your case?

"MR. HEALY:

"Objection, your Honor. The Court, I believe, has my motion to exclude testimony as to that. It's not relevant and I object to any further responses with respect to that answer—question.

"MR. WOLFE:

"I believe, your Honor, that the testimony is relevant. Relevant evidence means any evidence having tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, and I think since it was a—

"THE COURT: ·

"The objection is overruled.

"Q. (By Mr. Wolfe) Would you tell us, sir?

"A. I pleaded guilty.

"MR. WOLFE:

"I have no further questions."

■ The sense of the annotation at 48 A.L.R.2d 1016, entitled

"Prejudicial effect of prosecuting attorney's argument or disclosure during trial that another defendant has been convicted or has pleaded guilty," and cases cited in 48 A.L.R.2d Later Case Service and its supplement,

is that when two persons are indicted for separate offenses growing out of the same circumstance, the fact that one has pleaded guilty is inadmissible against the other. See, Wharton, Criminal Evidence, 12th Ed., § 439. This is so because competent evidence against one person charged with an offense is not necessarily admissible against another charged with the same offense. Furthermore, each person charged with an offense must be tried upon evidence tending to show his guilt or innocence. 48 A.L. R.2d p. 1017. For a prosecutor to argue or elicit testimony disclosing that another has pleaded guilty is to argue from facts either not in evidence or facts which are inadmissible in evidence. In *State v. McCarthy,* Mo.App., 567 S.W.2d 722 (1978), the rationale of the rule holding the admission of such evidence to be prejudicial error is said to be that it is irrelevant and incompetent because it suggests that since the confederate is guilty, the defendant must also be guilty,

and this inference violates the defendant's right to have his trial on its own merits.[4]

■ As a general proposition, courts have found that prejudice results where the accused made timely objection[5] and has requested curative action by the trial court which refused or failed to eliminate the disclosure.

■ In this case, the defense twice called the court's attention to the impropriety of admitting testimony concerning witness McKenzie's plea of guilty. The objections were timely made and the court was fully apprised of the defendant's position on the issue and should have been alerted to the legal implications involved. Since the court twice refused to prevent the disclosure, it is improbable that the Judge would have either directed the jury to disregard the testimony or have given a curative instruction had they been requested. The probability is, therefore, that the jury was left with the impression that, since the total evidence connected the defendant with McKenzie in the altercation with Weedman, the court must have wanted the jury to understand that, since McKenzie had pleaded guilty, it must be that the defendant is also guilty. According to authorities hereinabove cited and referred to, the error was prejudicial to the defendant. We, therefore, reverse the judgment and sentence of the trial court and direct that the defendant will receive a new trial.

## ISSUE NO. 2

*Did the trial court err in allowing the prosecuting attorney to question the appellant about past misconduct unrelated in time to the crime for which he was charged?*

■ Because the case must be retried and Issue No. 2 will probably arise again, we will discuss the problem and its implications in the hope that future error may be avoided. As we have said, defendant's motion in limine asked that the court prevent the State's inquiry concerning the character of the defendant, except and unless the defendant were to first place his character in evidence. The request was grounded in the directives of Rule 404(a)(1), W.R.E. (See, fn. 3, supra), and the motion was overruled. The following cross-examination appears:

"Q. Had you ever had any fights or troubles out there before?
"MR. HEALY: Objection, your Honor, irrelevant.
"THE COURT: Overruled.

"Q. (By Mr. Wolfe) Had you ever had any fights or trouble out there before?

"A. A scuffle once in awhile.

"Q. What do you mean, a scuffle once in awhile?

"A. Arguments, nothing more than that.

"Q. Well, had you been involved in arguments, had you ever been involved in a fist fight out there before?

"A. Not inside the bar.

"Q. Had you been involved in fist fights outside the bar?

"A. Not to a continuing extent. I was hit one time, but never anything after that.

4. For cases finding prejudice, see: *Carter v. United States*, 108 App.D.C. 277, 281 F.2d 640, cert. den. 364 U.S. 880, 81 S.Ct. 168, 5 L.Ed.2d 102 (1960); *Lane v. State*, 40 Ala.App. 174, 109 So.2d 758 (1959); *Knowles v. State*, 44 Ala. App. 163, 204 So.2d 506 (1967); *State v. Pikul*, 150 Conn. 195, 187 A.2d 442 (1962); *Thomas v. State*, Fla.App., 202 So.2d 883 (1967); *State v. Underwood*, 248 Iowa 443, 80 N.W.2d 730 (1957); *State v. Frese*, 256 Iowa 289, 127 N.W.2d 83 (1964); *Gray v. State*, 221 Md. 286, 157 A.2d 261 (1960); *State v. Aubuchon*, Mo., 381 S.W.2d 807 (1964); *People v. Zachery*, 31 A.D.2d 732, 297 N.Y.S.2d 183 (1968); *State v. Kerley*, 246 N.C. 157, 97 S.E.2d 876 (1957); *Barton v. State*, 172 Tex.Cr.R. 600, 361 S.W.2d 716 (1962); and *Ward v. Commonwealth*, 205 Va. 564, 138 S.E.2d 293 (1964).

5. It is well established that the accused must register timely objection to the disclosure. *State v. Marshall and Brown-Sidorowicz, P.A.*, 2 Kan.App.2d 182, 577 P.2d 803, 817, and cases cited therein (1978).

"Q. So the only time you were ever involved in any fights or altercations was just one time outside the bar that you were hit?

"A. Yes, sir.

"Q. You weren't involved in any other fights?

"A. Maybe an argument once in awhile. That's normal out there.

"Q. Well, many people go through life without too many arguments, but apparently it's normal for you to get into arguments, is it, when you go to the Torchlight?

"MR. HEALY: Objection, your Honor, that statement is argumentative.

"THE COURT: Sustained."

This testimony was admitted by the court because the defense counsel had cross-examined the complaining witness by attacking his credibility through inquiry about his past criminal record. The court reasoned that if the credibility of the complaining witness could be tested in this manner, then it was also permissible for the State to impeach the defendant's credibility with character-trait evidence. The court was wrong about this.

In resume, Rule 404(a), W.R.E., provides that evidence of a person's character or trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on the occasion in question. If, however, the accused *first* introduces evidence of character or trait,

then the prosecution may introduce similar evidence in rebuttal. Rule 404(a)(1), W.R.E. Rule 404(b), W.R.E., provides that evidence of other crimes, wrongs, or acts is not admissible to prove character in order to show that a person acted in conformity therewith. Such evidence may, in proper circumstances, be admissible for the purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or conduct.

█ While admitting that evidence of the accused's prior unrelated misconduct is inadmissible for purposes of proving his guilt[6], the appellee argues in its brief that this rule is applicable since Kwallek's main defense was that he was not the aggressor and that it was Weedman who precipitated the fight, and, thereby, the defendant has placed his own credibility in issue. It is also urged that the questioned testimony goes to impeach Kwallek and is admissible to show a course of conduct consisting of a propensity for public fighting. As authority, the State relies on *State v. Lindsay,* 77 Wyo. 410, 317 P.2d 506, wherein we said:

". . . As is indicated by defense counsel, the general rule is that evidence of accused having committed another crime independent of and unconnected with the one on trial is inadmissible. See 22 C.J.S. Criminal Law § 682. But evidence is not to be excluded because it shows or tends to show the commission of other offenses where it tends to prove facts material in the trial for homicide or where it tends to show a plan, scheme,

---

6. See *Newell v. State,* Wyo., 548 P.2d 8 (1976); *Dorador v. State,* Wyo., 520 P.2d 230 (1974); and *Gabrielson v. State,* Wyo., 510 P.2d 534 (1973). We said in *Newell,* supra, at page 11:
    "Without trying to deal with all its exceptions, it can be said that, ordinarily, evidence of prior misconduct of the accused is inadmissible in a criminal proceeding. *Dorador v. State,* Wyo.1974, 520 P.2d 230, and *Gabrielson v. State,* Wyo.1973, 510 P.2d 534 . . . We consider it a risky practice in a trial before a jury to permit the sort of inquiry that was here

made and this was recognized by the trial court. As said in *Rosencrance v. State,* 1925, 33 Wyo. 360, 366, 239 P. 952, 953:
    " ' "It is a dangerous species of evidence, not only because it requires a defendant to meet and explain other acts than those charged against him and for which he is on trial, but also because it may lead the jury to violate the great principle that a party is not to be convicted of one crime by proof that he is guilty of another." ' "

system, or course of conduct. See 22 C.J.S. Criminal Law § 688, and § 691 at 1140 ff. This exception to the general rule as it relates to forgery is recognized by Judge Blume in *State v. Grider,* 74 Wyo. 88, 284 P.2d 400, 406, 288 P.2d 766. One of the better known cases which presents the philosophy of the law on this point is *People v. Molineux,* 168 N.Y. 264, 61 N.E. 286, 62 L.R.A. 193. The theft of the automobile by the defendant and Phillips tended to show a course of conduct on the part of the defendant which we think was relevant to the crime with which he was charged and was, therefore, admissible." 317 P.2d at 510.

*Lindsay* is inapplicable for the position urged by the State here. The evidence held to be admissible in *Lindsay* showed that the prior crime (the stealing of a vehicle) was directly connected with the homicide with which the defendant was charged. The theft and the homicide were all part and parcel of the same transaction. Or, as Wigmore says, the theft was "an inseparable part of the whole deed," [7] In the case with which we are here concerned, there is no showing that the defendant's alleged prior misconduct or propensity for trouble-making has any connection whatsoever with the aggravated assault and battery with which he was charged in this case. It is also true that the evidence was not offered or admitted for purposes of showing a "plan, scheme, system or course of conduct." The effect of admitting this evidence for the purpose offered (attacking credibility) or any purpose conceived of by *Lindsay,* supra, would be to invite the very dangers that we have warned about in *Dorador v. State,* Wyo., 520 P.2d 230 (1974), *Gabrielson v. State,* Wyo., 510 P.2d 534 (1973), *Rosencrance v. State,* 33 Wyo. 360, 239 P. 952 (1925), and *Newell v. State,* Wyo., 548 P.2d 8 (1976)—namely, it requires the defendant to meet and explain other acts than those with which he is charged. Furthermore, the admission of this testimony has a tendency to lead the jury to believe that it is permissible to convict for conduct other than that with which the defendant is charged.[8]

It is conceded that where the defendant first introduces evidence of his character, the prosecution may then explore the matters raised by the accused, both on cross-examination of the accused's witnesses to test their views and basis for their testimony, and on rebuttal.[9] In this case, the question is—did the accused open up the issue of his character by introducing evidence to the effect that he had acted in self-defense? The State argues this point without citing any authority whatever. In addition, we can find none and, therefore, must assume that authority does not exist for this propo-

---

7.  Wigmore on Evidence, § 218 (3rd ed. 1940).

8.  In *Michelson v. United States,* 335 U.S. 469, 475, 69 S.Ct. 213, 218–219, 93 L.Ed. 168, 173, the Court has described the operation and rationale of the basic rule in criminal cases in the following way:

    "Courts that follow the common-law tradition almost unanimously have come to disallow resort by the prosecution to any kind of evidence of a defendant's evil character to establish a probability of his guilt. Not that the law invests the defendant with a presumption of good character, *Greer v. United States,* 245 U.S. 559, 38 S.Ct. 209, 62 L.Ed. 469, but it simply closes the whole matter of character, disposition and reputation on the prosecution's case-in-chief. The State may not show defendant's prior trouble with the law, specific criminal acts, or ill name among his neighbors, even though such facts might logically be persuasive that he is by propensity a probable perpetrator of the crime. The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice." [Footnote reference omitted]

9.  Federal Evidence, Louisell and Mueller, Vol. 2, § 127, p. 88.

sition, or, if there is authority, it is not supportive of the point urged by the State. *Peterson v. First National Bank of Lander,* Wyo., 579 P.2d 1038 (1978). Evidence of other offenses may be received for the purpose of impeaching the defendant's credibility under authorities cited by the State.[10] In addition, evidence of the bad character of the accused may be admissible when the accused first gives evidence of his good character—Rule 404(a)(1), W.R.E.—or under circumstances set forth in Rule 404(b), W.R.E. We are cited to no authority which holds that, for the defendant to testify about the facts of the incident, this, in and of itself, is sufficient to warrant inquiry into all of the defendant's past deeds or misdeeds on the ground that his self-defense testimony opened up the character issue.

In sum, we conclude that the defendant's character-trait evidence could not have been admitted for the purpose relied upon by the court, which was that the defendant's character was subject to inquiry by reason of the fact that the defendant inquired into the character of the complaining witness. We know of no authority which upholds such a rule, and the State cites none. Furthermore, it would have been improper to admit such evidence upon cross-examination to test credibility where the only opening was the defendant's self-defense testimony. The *Lindsay,* supra, rule is unavailable because the evidence of character does not tend to prove facts material to the crime charged, nor does it tend to reveal a plan, scheme, system or course of conduct resulting in the commission of the act in question.

It is not for us to explore all the possibilities for the introduction of character evidence under the Wyoming Rules of Evidence. We have undertaken here to point up the fallacy of the ruling of the trial court on the question and to dispose of the character-trait theories of the State, as they

appear in its brief. For us to go further would be to render an advisory opinion, which this court should not do. Defense issues numbered 3 and 4, supra, need not be addressed in light of our disposal of this appeal.

Reversed and remanded for new trial.

## ORDER DENYING PETITION FOR REHEARING

■ The Honorable Leonard McEwan, Judge of the Fourth Judicial District and trial judge in the above-captioned case, having filed a petition for rehearing, and

The court having considered the petition, and being of the opinion that the district court judge, under the circumstances of this case, has no standing to file a petition for rehearing under Rule 8, W.R.A.P., or by any other authority;

IT IS, THEREFORE, ORDERED that the petition for rehearing be, and the same is hereby, denied.

## ORDER DENYING PETITION FOR REHEARING BY COUNTY AND PROSECUTING ATTORNEY

■ In that the Attorney General of the State of Wyoming shall represent the State in all criminal cases in this Court, § 9-2-505(a), W.S. 1977, a county and prosecuting attorney has no standing to do so, it is

ORDERED that the Application for Rehearing by Thomas C. Wilson, County and Prosecuting Attorney, Sheridan County, Wyoming, be and is denied.

## ORDER DENYING PETITION FOR REHEARING

The State of Wyoming, by and through the Attorney General for Wyoming, has filed a petition for rehearing that alleges that the opinion handed down herein on March 12, 1979, contains several misstate-

---

**10.** The State cites *Galbraith v. State,* Wyo., 503 P.2d 1192 (1972); *Valerio v. State,* Wyo., 429 P.2d 317 (1967); and *State v. Fleischman,* 10 Or.App. 22, 495 P.2d 277 (1972).

ments of fact and that the court erred in finding prejudice as a result of allowing a witness to testify that he had pleaded guilty to a charge arising out of the same transaction for which the defendant was on trial.

The State claims that the following statement on page 1374 of the opinion is incorrect:

"Prior to trial, the defendant filed a motion in limine . . .."

Since this statement is allegedly incorrect, the State further asserts that it was erroneous for the court to state, on page 1376 of the opinion, that

"the defense twice called the court's attention to the impropriety of admitting testimony concerning witness McKenzie's plea of guilty. The objections were timely made and the court was fully apprised of the defendant's position . . .."

A review of the record discloses that the defendant orally presented his motion in limine at 8:57 a.m. (R.125), the trial commenced at 9:00 a.m., and that after the jury was selected, but before any testimony was taken, the court took a thirty-minute recess with the trial reconvening at 10:32 a.m. (R.68). The defendant's motion was filed and the trial judge actually noted receipt of the motion at 10:23 a.m. (R.20 and 125). During the direct examination of witness McKenzie—who was the first witness to testify for the prosecution—defense counsel objected to the relevancy of the question in controversy and, in the process, called the attention to defendant's motion to exclude the testimony with respect to this matter (R.75).

While the statement that the motion was filed *prior* to trial was incorrect, and is hereby corrected, the misstatement was of no substantive consequence whatever since the trial judge was still adequately apprised of the defendant's position upon the three occasions above referred to, and it was error for him not to have sustained the defendant's objections for reasons which are fully explained in our opinion herein.

All other matters raised in the petition for rehearing were fully considered and disposed of in the disposition of this case.

IT IS, THEREFORE, ORDERED that the petition for rehearing be, and the same is hereby, denied.