2001 WY 24

In the Interest of KAA, minor:

KAA, Appellant (Respondent),

v.

The State of Wyoming, Appellee (Petitioner).

· No. C–00–2.

Supreme Court of Wyoming.

March 2, 2001.*

Representing Appellant: Nicholas H. Carter and Carol Seeger of Carter Law Office, Gillette, WY. Argument by Ms. Seeger.

Representing Appellee: Gay Woodhouse, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Robin Sessions Cooley, Senior Assistant Attorney General. Argument by Ms. Cooley:

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ.

HILL, Justice.

[¶ 1] Appellant KAA contends that the juvenile court violated his constitutional rights in allowing his codefendant/conspirator SS to testify that he had admitted to, and had been punished for, a violation of the same criminal statute, conspiracy to commit fourth degree arson[1], which was the subject

---

\* This case was originally assigned to Justice Thomas on August 21, 2000, for the rendering of a proffered majority opinion. This case was reassigned to Justice Hill on February 5, 2001.

1. Wyo.Stat.Ann. §§ 6–3–104 and 6–1–303 (LEXIS 1999) state:

§ 6–3–104. Arson: fourth degree; penalties.
(a) A person is guilty of fourth degree arson if he intentionally starts a fire or causes an

of KAA's dispositional hearing[2]. As a result, KAA asserts the juvenile court's dispositional order must be reversed.

[¶ 2]   We will affirm.

## ISSUES

[¶ 3]   KAA poses the only issue in this appeal as follows:

> Whether the juvenile court erred in allowing a codefendant witness to testify that he had admitted to the same charge for which the Appellant was on trial for and which arose out of the same set of circumstances.

The State rephrases that issue only slightly:

> Whether the juvenile court committed reversible error in allowing one witness to testify that he had admitted his involvement in the events which led to Appellant's trial?

## FACTS

[¶ 4]   KAA and SS were students at a junior high school. Both were 13 years of age at the time of this incident. On April 12, 1999, a custodian walked into a boys' restroom in the school building. As the custodian entered, SS was leaving and he stepped back a moment to alert someone else in the restroom that the custodian was entering. The only other person in the restroom was KAA. The custodian noticed that there was a paper towel afire in a garbage can and that the fire had been going only a very short period of time. (The flame was only ¼ inch in height, and only 1½ inches of the towel had burned; the custodian said he could tell it had just been lit.) The custodian took KAA to the school principal's office and related to the principal what he had observed.

[¶ 5]   KAA admitted nothing at first, but SS immediately admitted to his and KAA's involvement in setting the fire. SS related that he and KAA had been planning to set the fire for a couple of days, and that they had agreed to set the fire in order to get out of school for awhile. During the lunch period on April 12, 1999, they decided to set the fire that day. SS handed one lighter to KAA and it did not work. (SS may also have tried to use that lighter and noticed that it had no fuel in it.) SS then handed KAA a second lighter, and KAA used it to set the paper towel afire. SS also related that he had set fire to toilet paper strung across a toilet seat on two occasions, and that KAA had done the same thing on two occasions. Those four incidents were also planned by KAA and SS in tandem, though each act was committed individually and outside the presence of the other. Both SS and KAA were interviewed on the day of the fire and neither had a lighter in his pocket, though SS admitted that he had one of the two lighters concealed in his shoe.

[¶ 6]   After the school principal had talked with both boys, the police were called. Although KAA admitted no involvement initially, he eventually changed his story several times and finally admitted to participating in lighting the fire on April 12, 1999, as well as to setting the "toilet seat" fires. However,

explosion and intentionally, recklessly or with criminal negligence destroys or damages any property of another as defined in W.S. 6–3–103(c) which has a value of less than two hundred dollars ($200.00).

(b) Fourth degree arson is a misdemeanor punishable by imprisonment for not more than one (1) year, a fine of not more than seven hundred fifty dollars ($750.00), or both.

**§ 6–1–303. Conspiracy; renunciation of criminal intention; venue.**

(a) A person is guilty of conspiracy to commit a crime if he agrees with one (1) or more persons that they or one (1) or more of them will commit a crime and one (1) or more of them does an overt act to effect the objective of the agreement.

(b) A person is not liable under this section if after conspiring he withdraws from the conspiracy and thwarts its success under circumstances manifesting voluntary and complete renunciation of his criminal intention.

(c) A conspiracy may be prosecuted in the county where the agreement was entered into, or in any county where any act evidencing the conspiracy or furthering the purpose took place.

The punishment for conspiracy to commit fourth degree arson is the same as the punishment for fourth degree arson itself. Wyo.Stat. Ann. § 6–1–304 (LEXIS 1999).

2.   In accordance with Wyo.Stat.Ann. § 14–6–223 (LEXIS 1999), the issue of whether or not a delinquent act had been committed was tried to a jury of six persons. *See* Wyo.Stat.Ann. § 1–11–119 (LEXIS 1999).

he denied having conspired to set the fire. Because of this incident, as well as other disciplinary problems, KAA was expelled from school for a period of one year. KAA appeared in person before the school board at his expulsion hearing. He gave the board a letter in which he admitted his wrongdoing and, in the context of the hearing, it was clear that KAA expressed remorse for his role in the April 12, 1999, fire, as well as the earlier fires to which he admitted.

## DISCUSSION

[¶ 7] SS was also expelled from school for one year and was similarly punished by the juvenile court, which sets up the only issue raised in this case. During SS's testimony, the prosecutor asked SS about his admissions to the juvenile court and the fact that he had been placed on probation. We will not set out in detail the objection made by counsel for KAA. Suffice it to say that it was clear and directly in point. The juvenile court overruled the objection and permitted the questioning which is alleged to be erroneous.

[¶ 8] Recently, the standard of review for an issue such as this was more definitively enunciated by this Court, though the gist of it had always been clear. The admission of evidence that a codefendant or conspirator has pleaded guilty, or been found guilty, is inadmissible in the trial of another codefendant or conspirator, and if such evidence is introduced by the prosecution, then it is error. If no objection is interposed, then we review such error under the plain error doctrine. If a proper objection is made, then we review it under the harmless error rule. *Capshaw v. State*, 11 P.3d 905, 913 (Wyo.2000); *Kwallek v. State*, 596 P.2d 1372, 1375–76, (Wyo.1979). Our decision in Capshaw was not available to the juvenile court when the instant case was tried, so we do not fault the district court for its failure to *sua sponte* provide clarifying instructions to the jury (KAA asked for no clarifying instructions). While the juvenile court's decision to allow the testimony, over KAA's objection, was clearly erroneous, we find it to be harmless in the context of this juvenile matter because of the overwhelming evidence

that established KAA's participation in a conspiracy to set the fire. W.R.A.P. 9.04. We have set out that evidence above.

[¶ 9] The dispositional order of the juvenile court is affirmed.